# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EDGAR LEE STANFIELD,** | ) |
| **Petitioner,** | ) |
| v. | ) 2:07-cv-00667-VEH-JEO |
| **SHELBY COUNTY CIRCUIT COURT,** et al., | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

The petitioner, Edgar Lee Stanfield, filed a petition for writ of habeas corpus with this court on April 12, 2007. (Doc. 1 (hereinafter "Petition")).[1] He challenges the validity of his confinement in the Shelby County Jail. Upon consideration, the court finds that the petition is due to be denied.

## PROCEDURAL HISTORY

The petitioner pled guilty to the charge of first degree sodomy in Shelby County Circuit Court on May 10, 2007. (Ex. A at p. 3).[2] He was sentenced to a fifteen year custodial sentence, with all but one year being suspended. *Id*.

---

[1] References herein to "Doc. ___" are to the document numbers assigned the pleadings by the Clerk of the Court.

[2] References herein to "Ex. ___" are to the exhibits attached to the respondents' answer which is located at document 12 in the record.

Following service of the custodial portion of the sentence, the petitioner was released on five years probation.

On October 23, 2006, the petitioner was charged with failing to register as a sex offender premised on conduct occurring on April 9, 2003. (Ex. B). Following a preliminary hearing on November 9, 2006, he was bound over to the next session of the Shelby County Grand Jury. (Ex. B & C). He was indicted on this offense on March 22, 2007. (Ex. C at p. 2). The charge was dismissed on May 8, 2007. *Id*.

The present petition was filed on April 12, 2007. (Petition at p. 1). Therein, the petitioner alleges that the sodomy indictment is due to be suppressed because he was indicted in 2003 without a preliminary hearing in violation of the Due Process Clause and because his case was improperly numbered. *Id*. at p. 2. On July 24, 2007, he filed an "Amended Petition," providing additional details regarding his state court proceedings. (Doc. 9).

The magistrate judge initially assigned this case required the respondents to appear and show cause why the relief requested by the petitioner should not be granted. (Doc. 10). They filed an "Answer," asserting that the petition was due to be denied because the petitioner's claims were barred from review because they were procedurally defaulted in State court. (Doc. 12 at p. 3). They further

asserted that the petitioner was not in custody in violation of the laws and constitution of the United States. *Id*.

The court afforded the petitioner an opportunity to respond to the Answer. (Doc. 13). The petitioner requested and was granted an additional sixty days to respond. (Doc. 14 and September 26, 2007 Docket Entry). That period has expired and the petitioner has not filed a response. The matter, therefore, is ripe for review by this court.

## DISCUSSION

### Procedural Default

Before proceeding with any discussion of the merits, the court always must address whether any procedural bars prevent a review of the same. The respondents assert that the petitioner's claims are procedurally barred from review.

A federal court's authority to review state court criminal convictions is severely restricted when a petitioner has failed to present the claim in state court or when he fails to follow the applicable state procedural rules. *Teague v. Lane*, 489 U.S. 288, 297-98, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992). Where the petitioner fails to present the claim in state court, he is barred from raising it in federal court unless he can show cause for the default and

prejudice resulting therefrom. *Teague*, 489 U.S. at 298. Where the claim is presented in state court and the last state court to review it states "clearly and expressly" that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief, federal courts may not review the claim. *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); *Baldwin v. Johnson*, 152 F.3d 1304, 1314 (11th Cir. 1998); *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996), *cert. denied*, 519 U.S. 1119 (1997).

A petitioner must have "'fairly presented' the substance of his federal claims to the state courts by raising both the factual and legal premises of the claims for relief that are now being asserted in the federal proceeding." *Henderson v. Campbell*, 353 F.3d 880, 898 (11th Cir. 2003). A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). If the claims are not adequately presented in the state court, they are procedurally barred from review. *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).

In *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1

4

(1999), the Supreme Court stated that federal habeas corpus petitioners need only provide the "state courts a fair opportunity to act on their claims." *Id.* The Court further held that in order to satisfy the exhaustion requirement for bringing a habeas corpus petition, the petitioner was required to present his claims to the state supreme court for discretionary review when that review is part of the ordinary review procedure in the State. *Id.* at 848.

There are only two exceptions that allow this court to review the merits of a claim that has been procedurally defaulted. First, the petitioner must demonstrate both cause excusing the default and actual prejudice resulting from the bar. Second, in extraordinary cases, a federal court may grant the writ without a showing of cause and prejudice to correct "a fundamental miscarriage of justice." *Hill*, 81 F.3d at 1023. Under the latter exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Hill*, 81 F.3d at 1023, *citing Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

## Analysis

None of the petitioner's claims have been presented to the State courts for review. He did not raise these challenges in the trial court proceedings. He did not seek review of the same with either the Alabama Court of Criminal Appeals or the

Alabama Supreme Court. They, therefore, are barred from further review by this court.

Additionally, the claim regarding the failure to hold a preliminary hearing is moot under Alabama law. *See Rowland v. State*, 460 So. 2d 282, 284 (Ala. Crim. App. 1984) ("[T]he failure to hold a preliminary hearing is harmless error and a moot question once an indictment has been returned."). The claim regarding the numbering of his cases does not present a cognizable federal habeas corpus claim. Thus, none of the exceptions to the procedural default rule apply.

## CONCLUSION

Premised on the foregoing, the court finds the petitioner's claims are due to be dismissed with prejudice. An appropriate order will be entered.

**DONE** this the 31st day of January, 2008.

                                                                    _____
                                                                    **VIRGINIA EMERSON HOPKINS**
                                                                    United States District Judge